FREDERICK LOESER, Appellant, *v.* HERMAN LIEBMAN et al.,
Respondents.

Plaintiff executed to the firm of S. & Co. a lease of certain premises in the
city of Brooklyn for the term of eleven years. The lessees agreed to
erect new buildings upon the premises, to be used by the firm in connec ·
tion with buildings on adjoining property owned by plaintiff and leased
by the firm. For the beneficial use of the combined property embraced
in the two leases it was contemplated that the lessees should place in the
new building a plant for lighting and heating the whole premises, also
elevators communicating with the different floors. The lessees cove-
nanted at the expiration of the lease, or upon vacating the premises before
that time, to erect substantial party walls between the building erected
by them and the buildings adjoining, in case the lessor required it; if this
was not required the lease provided that "all fixtures, counters, shelv-
ing, boilers, machinery, elevators and lighting and heating apparatus"
in said buildings at the expiration of said lease should become the prop-
erty of the lessor. In an action to restrain defendants from removing
the fixtures, *held*, that the covenant as to fixtures was not limited to
those the lessees permitted to remain upon the premises at the expira-
tion of the term, but included fixtures placed by them in the building
during the term and subjected them to the exercise of the option given
to the lessor, which was to be exercised at the expiration of the tenancy;
that while the covenant did not prevent the lessees from making changes
and substitutions, from time to time, required by new arrangements
made in good faith and in the ordinary course of business, they could
not dismantle the premises and remove fixtures to deprive the landlord
of the benefit of his option.

(Argued January 18, 1893; decided February 7, 1893.)

APPEAL from judgment of the General Term of the
Supreme Court, in the second judicial department, entered
upon an order made May 26, 1891, which affirmed a judg-
ment in favor of defendants, entered upon a decision of the
court on trial at Special Term.

This was an action to restrain defendants, who were plain-
tiff's lessees, from removing from the demised premises certain
fixtures.

On May 1, 1884, the plaintiff executed to the firm of Fred-
erick Loeser & Company, of which firm the plaintiff was a
member, a lease of the premises known as numbers 10 and 12

Tillary street, Brooklyn, for eleven years from said date. In 1887, the plaintiff retired from the firm and the defendants succeeded to the business under the firm name of Liebmann Brothers and Owings, and with the consent of the plaintiff became the assignees of the lease.

The firm of Frederick Loeser & Company were dealers in dry goods, and, when the lease of May 1, 1884, was executed, held a lease of premises numbers 14 and 16 Tillary street, which adjoined numbers 10 and 12, from one Emilie Loeser, dated May 1, 1880, for the term of ten years, which the firm occupied for their business.

The plaintiff became the owner of the premises numbers 12 and 14, and of the lease of May 1, 1880. It was contemplated when the lease of May 1, 1884, was made, that the premises in both leases should be occupied as one store, having no divisions. The lease of May 1, 1880, contained a covenant by the lessees, on the expiration of the lease, to disconnect the buildings, on the premises leased, from the adjoining buildings, by constructing proper walls at their expense, and that all improvements placed by the lessees in the said buildings should be deemed fixtures not to be removed. It is inferable that Frederick Loeser & Company, at the date of the lease of May 1, 1880, also occupied the adjacent premises numbers 10 and 12.

The lease of May 1, 1884, contains the following provisions, which have given rise to the present controversy :

" And the parties of the second part (lessees) hereby agree to forthwith demolish the buildings now upon the premises hereby let and leased, and to forthwith erect, at their own cost and expense, thereon, a building as contemplated by the plans and specifications drawn up by G. L. Morse, architect, and approved by the parties hereto, and further to erect substantial party-walls — at the expiration of this lease or vacating of said premises by the lessees before such expiration — between the buildings now known as Nos. 10, 12 and 14 Tillary street, in case the party hereto of the first part so requires and demands, with a separate entrance to each store on Tillary

street for ground floors and a separate stairway leading to upper stories from Tillary street, and with separate gas, water and sewer connections for each building." " And it is further mutually agreed between the parties hereto that all fixtures, counters, shelving, boilers, machinery, elevators, lighting and heating apparatus in said buildings at the expiration of this lease are to become the property of the lessees in case the lessees shall be called upon to erect the party-walls herein-before contemplated to be built, but in case the lessor shall not demand the erection of said party-walls, then the said fixtures, counters, shelving, boilers, machinery, elevators, lighting and heating apparatus to become the property of the lessor at such expiration."

The lessees, pursuant to their covenant above recited, erected a new building on the premises numbers 10 and 12, and occupied it in connection with the building on numbers 12 and 14 as a single store, and they placed in the basement of the new building boilers and machinery for lighting and heating the whole premises occupied by them, and placed elevators in numbers 10 and 12, which connected with all of said premises.

This action was brought to procure an injunction restraining the defendants from removing from numbers 10 and 12 any of the articles specified in the lease, placed there by the lessees, upon the allegation that they threatened, and were about, to remove them. The Special Term rendered judgment dismissing the complaint on the merits, which was affirmed by the General Term.

Other facts are stated in the opinion.

*William G. Wilson* for appellant. The plaintiff was entitled to have the property in question preserved upon the premises until the expiration of the respective leases. (*Stukely* v. *Butler*, Hob. 172; *Lathers* v. *Keogh*, 109 N. Y. 583.) The plaintiff was entitled to the relief by injunction. (Taylor on Landl. and Ten. § 695; *Livingston* v. *Reynolds*, 26 Wend. 123.)

*Freling H. Smith* for respondents. The plaintiff, under the most liberal construction of the lease, can acquire no rights in connection with any property on the premises until the termination of the lease. (*Livingston* v. *Sulzer*, 19 Hun, 375; *Ombony* v. *Jones*, 19 N. Y. 234; *W. H. Co.* v. *Hawk*, 49 How. Pr. 257; *Folts* v. *Huntley*, 7 Wend. 210; *Gifford* v. *F. P. Society*, etc., 56 Barb. 114; McAdam on Landl. & Ten. 182; Taylor on Landl. & Ten. § 81.) No ground for equitable interference is shown. (*T. & B. R. R. Co.* v. *B., H. T. & W. R. Co.*, 86 N. Y. 107; *Hart* v. *Mayor*, etc., 3 Paige, 214; *Savage* v. *Allen*, 54 N. Y. 458; *Balcom* v. *Julien*, 22 How. Pr. 349.) No ground is presented for an injunction on the ground of waste. (Taylor on Landl. & Ten. § 695; *Frank* v. *Cravens*, 6 W. Va. 185.) The action must fail on the proof (*Bouton* v. *City of Brooklyn*, 15 Barb. 375.) The title to the property, to restrain the removal of which the action was brought, was involved, and the value of this property, therefore, afforded a basis upon which to estimate the allowance. (*Conaughty* v. *Saratoga Bank*, 92 N. Y. 401; *Williams* v. *W. U. T. Co.*, 61 How. Pr. 305; *Burke* v. *Candee*, 63 Barb. 552; *Coleman* v. *Chauncey*, 7 Robt. 578; *Latimer* v. *Livermore*, 72 N. Y. 174; *Sickles* v. *Richardson*, 14 Hun, 110.) The specific articles in question are not within the meaning of the clause in the lease. (*Gleason* v. *Mc Vickar*, 7 Cow. 42; *Lathers* v. *Keogh*, 109 N. Y. 583.) The clause in the lease must be construed most beneficially for the lessees. (*W. H. Co.* v. *Hawk*, 49 How. Pr. 257; *Folts* v. *Huntley*, 7 Wend. 210; *Gifford* v. *F. P. Society*, 56 Barb. 114; McAdam on Landl. & Ten. 182; Taylor on Landl. § 81.)

Andrews, Ch. J. The court found that the defendants had not threatened to remove from the leased premises any of the fixtures mentioned in the lease. This finding was based on conflicting evidence, and having been affirmed by the General Term is not subject to review in this court. Upon this finding the complaint should have been dismissed, on the ground that no case had been made for equitable relief.

The complaint sets forth the covenant in the lease of Nos. 10 and 12 Tillary street, Brooklyn, under which the plaintiff claimed that the " fixtures, counters, shelving, boilers, machinery, elevators and heating apparatus " placed in the building by the defendants could not be removed by them during the term. It was not alleged that the defendants were proceeding to remove the articles mentioned, but the only ground alleged for an injunction was that they threatened such removal, without awaiting the expiration of the lease. This ground having been found not to exist, the whole basis of the equitable action failed, and the proper disposition of the case would have been to dismiss the complaint, without determining the construction of the covenant, but the trial court proceeded to construe the covenant, and held that it extended only to such articles of the kind mentioned as should be in the building at the time of the expiration of the lease, May 1, 1894. In substance the court held that the lessees were entitled to remove the whole of the fixtures at any time prior to the expiration of the term, and that only such fixtures as they should permit to remain on the premises until that time were subject to the operation of the covenant, and directed judgment in favor of the defendants dismissing the complaint on the merits, and judgment was entered in conformity with the decision.

We do not concur in the construction given to the covenant by the courts below. The lease was for a term of eleven years and contained a covenant by the lessees against assigning or underletting, or making any alterations in the new building without the written consent of the lessor. The lessees were to erect a new building on the leased premises at their own cost, according to plans which had been agreed upon. It is a clear inference from the lease and the circumstances that it was contemplated by the parties to the lease, that for the beneficial use of the combined property embraced in the two leases, the lessees were to place in the new building a plant for lighting and heating the whole premises, and elevators communicating with the different floors of the combined buildings. On the termination of the lease the

landlord might desire to continue to rent the premises embraced in both leases as one store, or he might consider it more advantageous that the premises should be divided into separate stores. It is plain that the covenant in question had reference to this situation. The option was therefore reserved to the landlord to require the tenants on the expiration of the lease to erect division walls, dividing numbers 10 and 12 into separate stores, or to retain the premises in their existing condition. In case the landlord elected to retain the premises as they were, the tenants were to be released from their covenant to build division walls, but in that case the fixtures were to become the property of the landlord, as they would still be required for the use of the premises as a whole. In case the landlord should require the tenants to build the division walls, then the fixtures were to belong to them, and the right to remove them would necessarily follow. The covenants provided for mutual equivalents. If the tenants were required to build the walls, they were to have the fixtures. If not required to build them, the landlord was to have the fixtures. In the one case the landlord would take the walls in place of the fixtures, and in the other the tenants would take the fixtures and build the walls. It is also plain we think that the landlord could await the expiration of the tenancy before exercising his option. The tenants had bound themselves to erect the walls " at the expiration of the lease," or upon vacating the premises before that time. This covenant is followed by the provision defining the rights of the parties in the fixtures. The construction of the courts below is sought to be sustained upon the words, " in said buildings at the expiration of the lease," which are found in the clause which declares the right of the lessees to the fixtures in case they are required to erect the walls. It is only, as is insisted, fixtures " in the building at the expiration of the lease," which are to become the property of the lessees, and this implies, as is claimed, that only fixtures not removed by the tenants before that time were contemplated as within the scope of the alternative clause. But the alternative clause which regulates the right of the

landlord, in case he elects not to require the erection of the partition walls, declares that in that case the fixtures are "to become the property of the lessor at such expiration." The words "at such expiration" point the time when the title is to become vested in the landlord, and were not used to limit his right to such fixtures only which might not then have been removed from the premises. If under the option the tenants became entitled to the fixtures, their rights were protected by giving them the fixtures on the premises at the expiration of the lease, since such as they might have removed before that time they would have had the benefit of already. But the right of the landlord to take the fixtures in lieu of the walls, would have been a barren one if the tenants might rightfully remove them all during the term. There is a little obscurity in the language of the covenants, but construing them according to their manifest purpose, it was the intention of the parties to subject fixtures placed by the tenants in the building during the term, to the exercise of the option of the landlord at the expiration of the lease. This construction does not involve the inconveniences insisted upon. It would not prevent changes and substitutions from time to time by the tenants of new arrangements made in good faith and in the ordinary course. But they could not we think dismantle the premises and remove fixtures to deprive the landlord of the benefit of his option.

We think the judgment should be modified by declaring the complaint dismissed, on the ground that no case of equitable cognizance was established, and, as so modified, the judgment should be affirmed, with costs to defendant.

All concur.

Judgment accordingly.